# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| SULLIVAN SCHOOL ASSOCIATES, LP, | ) ) ) |
| Plaintiff, | ) ) ) Civil No. 2:12-cv-00157-NT |
| v. | ) ) |
| TOWN OF BERWICK, et al., | ) ) |
| Defendant. | |

## ORDER ON PLAINTIFF'S UNOPPOSED MOTION TO DISMISS

Before the Court is Plaintiff's unopposed Motion to Dismiss with prejudice Counts II-V of its First Amendment Complaint, dismiss the individually named Defendants with prejudice, and to remand this action to Maine Superior Court, York County. For the following reasons, the Plaintiff's Motion is **GRANTED**.

## BACKGROUND

In August of 2011, the Plaintiff, Sullivan School Associates LP, entered into a Letter of Understanding with the Town of Berwick to develop a vacant school in Berwick, Maine into an affordable housing apartment building. On April 2, 2012, James Webster, the Berwick Code Enforcement Officer, claiming the Berwick Planning Board had not approved the footprint of an addition to the original building or the inclusion of three-bedroom units in the development, issued a stop work order (the "**Stop Work Order**").

The Plaintiff filed a five-count Amended Complaint in the York County Superior Court against the Town of Berwick, the Town of Berwick's Code Enforcement Officer, James A. Webster, and Board of Selectmen members Eleanor Murphy and Robert Crichton, seeking to enjoin the Stop Work Order, and alleging violations of the Fair Housing Act, 42 U.S.C. §§ 3604, 3617, and equal protection and due process under the 14th Amendment, 42 U.S.C. § 1983, and the Maine Constitution, Art. 1, § 6-A. *See* State Court Record Attachment 4 (**Amended Complaint**) (Doc. 2-4).

On April 23, 2012, after a hearing, the Superior Court entered a Temporary Restraining Order enjoining the Stop Work Order. *See* Additional Attachment 4 (Doc. 7-3). The Temporary Restraining Order permitted the Plaintiff to continue work on the main school building but ordered the Plaintiff to stop construction on the addition. On May 9, 2012, Defendants removed the action to this Court and filed a Motion to Dismiss Plaintiff's Amended Complaint. *See* Defendants' Motion to Dismiss (Doc. 9). On May 29, 2012, the Plaintiff filed a Motion to Stay pending the disposition of the Plaintiff's site plan amendment application before the Berwick Planning Board and appeal of the Stop Work Order before the Berwick Board of Appeals.

In this Motion, the Plaintiff asks the Court to dismiss Counts II-V with prejudice, leaving only Count I, the Plaintiff's claim for injunctive relief. The Plaintiff also requests that the named Defendants be dismissed, and that this action be remanded back to the York County Superior Court.

## DISCUSSION

### I. Dismissal of Claims

Once the opposing party has answered a complaint and absent a stipulation of dismissal by the parties, a plaintiff must move the Court to dismiss its action under Federal Rule of Civil Procedure 41(a)(2). "The purpose of requiring [court approval] is to ensure that 'no other party will be prejudiced.' Accordingly, in ruling on a motion for voluntary dismissal, '[t]he district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur.'" *JRA Architects & Project Managers, P.S.C. v. First Fin. Grp.*, Inc., 375 Fed. Appx. 42, 42-43 (1st Cir. 2010) (quoting *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (internal quotation omitted)). Where, as here, the Plaintiff seeks to dismiss its claims with prejudice, granting the motion is generally appropriate, unless a third-party would be unduly prejudiced by the dismissal of the claims with prejudice. *ITV Direct, Inc. v. Healthy Solutions, LLC*, 445 F.3d 66, 70 (1st Cir. 2006).

In the absence of any opposition by Defendants to Plaintiff's motion or any showing of prejudice to third parties, the Court finds that dismissal of Counts II-V of the Plaintiff's Amended Complaint is appropriate.

### II. Dismissal of Parties

The Plaintiff has also moved to dismiss the individual Defendants. A party may move the court to drop a party under Federal Rule of Civil Procedure 21. "The grant or denial of a motion to bring in or to drop a party lies in the discretion of the judge." Charles Alan Wright & Arthur R. Miller, 7 *Federal Practice & Procedure* §

1688 (3d ed.). The Court's consideration of the Plaintiff's request to dismiss the individual defendants is similar to its consideration of the Plaintiff's request to dismiss Counts II-V. None of the individual Defendants have opposed Plaintiff's Motion, and the Court perceives no prejudice to either the remaining Defendant or any third parties and finds dismissal of the individual Defendants appropriate.

### III. Remand

The Court has discretion to retain or remand a case in which it had federal question jurisdiction and pendent jurisdiction over state law claims, but in which the federal claims have been dismissed. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). In deciding whether remand is appropriate, the Court will weigh its interest in retaining jurisdiction and the interests of judicial economy, convenience, fairness, and comity. *Id.* at n.7; *Curtis v. Town of Baileyville*, No. 1:11-cv-00197-DBH, 2011 WL 2470112, at *1 (D. Me. June 21, 2011). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* at 350. The Court must also consider whether a plaintiff is using manipulative tactics — dismissing all federal claims — to secure her preferred forum. *Id.* at 357.

Here, judicial economy, convenience, comity, and fairness all counsel in favor of remand. The Plaintiff has represented to the Court that it has submitted an application with the Berwick Planning Board to amend its site plan for the housing

4

project. The Plaintiff argues that if its application is granted, its action before this Court will be mooted. If its application is denied, the Plaintiff represents to the Court that it will pursue an appeal of the Stop Work Order before the Town of Berwick's Board of Appeals and appeal the denial of the application under Maine Rule of Civil Procedure 80B. The case remains in its early stages before this Court and neither party has conducted any discovery. The Superior Court has already issued a Temporary Restraining Order and preliminarily considered the merits of Count I of the Amended Complaint. And perhaps most importantly, the Defendants do not object to the dismissal of the federal claims against them and there has been no showing that the Plaintiffs are using manipulative tactics. Each of the factors supports remanding the remaining count of Plaintiff's Amended Complaint to the York County Superior Court.

## CONCLUSION

The Court hereby **GRANTS** the Plaintiff's Motion in its entirety. Counts II-V of the Amended Complaint are **DISMISSED WITH PREJUDICE** and Defendants James A. Webster, Eleanor Murphy, and Robert Crichton are **DISMISSED** as defendants **WITH PREJUDICE**. The remaining Count of the Complaint is hereby **REMANDED** to the York County Superior Court.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated: August 7, 2012